UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH PITCHER,

    Plaintiff,

v.

TOTAL DISTRIBUTION SERVICES,
INC., a Virginia corporation,

    Defendant.

and

TOTAL DISTRIBUTION SERVICES,
INC., a Virginia corporation,

    Third-Party Plaintiff,

v.

RAILSERVE, INC., a Delaware corporation,

    Third-Party Defendant.

Case No. 99-73073
Hon. Avern Cohn
Mag. Judge Virginia Morgan

---

ARVIN J. PEARLMAN P18743
ELAINE L. LIVINGWAY P39307
Attorneys for Plaintiff
One Towne Square, Ste. 1870
Southfield, MI 48076
248/356-5000

THOMAS R. BOWEN P27618
LISA T. MILTON P38129
Attorneys for Third-Party Defendant
4967 Crooks Rd., Ste. 150
Troy, MI 48098
248/641-8000

JACK O. KALMINK P24087
MARY A. KALMINK P42954
Attorney for Defendant/Third-Party Plaintiff
400 Renaissance Center, Ste. 1900
Detroit, MI 48243
313/259-1144

---

### THIRD-PARTY DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AS TO COMPLAINT AND THIRD-PARTY COMPLAINT AND CROSS-MOTION FOR SUMMARY JUDGMENT



**TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    TDSI IS ENTITLED TO SUMMARY JUDGMENT HAS TO THE PLAINTIFF'S CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    TDSI IS NOT ENTITLED TO SUMMARY JUDGMENT AS TO ITS CLAIMS AGAINST RAILSERVE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    The Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.    There is a Genuine Issue of Material Fact Whether Railserve Must Defend and Indemnify Total Distribution. . . . . . . . . . . . . . . . . . 2

        C.    If the Jury Determines Railserve and TDSI are Both Negligent Costs and Expenses of Defending This Matter Will Be Shared Proportionally. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        D.    Railserve Did Not Breach The Agreement. . . . . . . . . . . . . . . . . . . . . . 7

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4867 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Where there has yet to be a factual determination that Railserve was "solely or partial" at-fault does the Agreement require Railserve defend and indemnify TDSI?

2. Is there a question of fact that precludes summary judgment as to TDSI's claim of breach of contract?

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4867 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

## CONTROLLING AUTHORITY

Boumelhem v. Bic Corp.,
   211 Mich App 175; 535 NW2d 574 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Meadows v. Depco Equipment Co.,
   4 Mich App 370; 144 NW2d 844 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Michigan Chandelier Co. v. Morse,
   297 Mich 41; 297 NW 64 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6

Moning v. Alfono,
   400 Mich 425; 254 NW2d 759 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Pritts v. J.I. Case Co.,
   108 Mich App 22; 310 NW2d 261 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

## STATEMENT OF FACTS

Railserve, Inc. (hereinafter "Railserve") essentially adopts TDSI's statement of facts except for the reference on page 2, wherein Total Distribution Services, Inc. (hereinafter "TDSI") asserts that Railserve actions on the night of Plaintiff's accident violated its own procedures. Although it is not disputed that Plaintiff violated Railserve procedures, there is no evidence that, outside the actions of the Plaintiff, that Railserve violated its procedures.[1]

## ARGUMENT

**I.  TDSI IS ENTITLED TO SUMMARY JUDGMENT HAS TO THE PLAINTIFF'S CLAIMS.**

TDSI has filed a motion for summary judgment against the Plaintiff for the Plaintiff's claims against TDSI. Railserve concurs in the motion and adopts TDSI's position.

**II. TDSI IS NOT ENTITLED TO SUMMARY JUDGMENT AS TO ITS CLAIMS AGAINST RAILSERVE.**

### A.  The Standard of Review.

Summary judgment is appropriate only when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 US 574, 587 (1986). The judge is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial". Anderson v. Liberty Lobby, Inc., 477 US 242, 249 (1986). A genuine issue for trial is presented when there is sufficient "evidence on which the jury could reasonably find for the [third-party plaintiff]." Id. at 252.

---

[1] Railserve did make lanterns available for it employees. (Exhibit B, p 69).

1

B. **There is a Genuine Issue of Material Fact Whether Railserve Must Defend and Indemnify Total Distribution.**

1. **Michigan Law Regarding Indemnification Agreements.**

TDSI's claim for indemnification is based on a theory of expressed contractual indemnity. See Third-Party Complaint, paragraphs 7-8.

An indemnity contract is construed in accordance with the rules for the construction of contracts in general. Pritts v. J.I. Case Co., 108 Mich App 22, 29; 310 NW2d 261 (1981).

It is well established Michigan law that an indemnity clause will be strictly construed against the party who drafts the clause and the party who is the indemnitee. Michigan Chandelier Co. v. Morse, 297 Mich 41; 297 NW 64 (1941); Skinner v. D-M-E Corp., 124 Mich App 580; 335 NW2d 90 (1983); Meadows v. Depco Equipment Co., 4 Mich App 370, 375-376; 144 NW2d 844 (1966). In the case at hand, the contract was drafted by TDSI and TDSI is the indemnitee, therefore, the contact must be strictly construed against it.

An indemnity clause should be interpreted to give a reasonable meaning to all its provisions. Pritts, supra.

It has been held that an indemnity contract will not be construed to indemnify the indemnitee against losses arising out of its own negligent act unless such an intention is expressed in unequivocal terms. Hubbert v. Acme Equipment Co., 55 Mich App 313; 222 NW2d 224 (1974).

As stated by the Michigan Court of Appeals in Fireman's Fund American Insurance Co., v. General Electric Co., 74 Mich App 318; 253 NW2d 748 (1977):

> An examination of the principles in Meadows, supra, can leave no doubt that generally these indemnity provisions must clearly describe the indemnitor's obligation to indemnify the indemnitee. The great utility of this rule, policy considerations aside, is that it prevents parties from skillfully devising arguments at a later date that highly malleable, ambiguous language, in fact, evidences the parties' intent that one party should provide indemnity to the other even where it is for the indemnitee's own negligence. Thus, our focus must be on whether this language clearly sets forth such an intention on the part of the parties.

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

2

## 2. The Contract Language.

The "Automobile Terminal Railcar Operation Agreement" (hereinafter "the Agreement") between Railserve and TDSI contains the following language:

7.  Liability

A.  Railserve shall defend, protect, indemnify and hold harmless TDSI against and from any and all claims, losses, damages, liability, suits, actions and judgements, costs and expenses (including reasonable attorney's fees and litigation expenses resulting:

(i) from injury or death of any person or persons whomever, including agents, Facility users, servants or employees of TDSI or Railserve;

\* \* \*

**if such event shall have arisen solely or partially from any act of commission or omission, negligent, grossly negligent or intentional, of Railserve in performing or failing to perform any duties or obligations under this Agreement**; however, that in the event both Railserve and TDSI are found to be jointly negligent, liability and costs and expenses as to Railserve and TDSI shall be shared in proportion to their allocable share of such joint negligence or misconduct.

B.  Railserve shall, at its own cost and expense, defend any and all claims suits, actions and judgements arising from any demand or proceeding, whether groundless or not, which may be commenced either solely or jointly against TDSI or TDSI and Railserve **arising out of or in connection with any matter specified in paragraph (i), (ii), or (iii) of subsection A above**. Railserve shall, **subject to Subsection A above**, pay ans satisfy any and all claims, losses, damages, liability, suits, actions and judgements arising from any demand or proceeding, and defray or reimburse any and all expenses, including, but not limited to reasonable attorneys' fees and reimbursement of witness expenses, which may be incurred by reason of such demands or proceedings and shall keep the property of TDSI free and unencumbered of and from any and all changes and/or liens of any kind arising therefrom. (emphasis added). (Exhibit A).

## 3. There Remains a Question of Fact Whether Railserve Was Partially or Solely Negligent.

Pursuant to the Agreement there are only to situations whereby Railserve agreed to indemnify TDSI; 1) If Railserve was solely at-fault; or 2) If Railserve was partially at-fault. Under the terms of the agreement, Railserve's obligation to indemnify TDSI arises only if there is a factual

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

determination that Railserve was at-fault, either partially or solely. However, there is are two other possibilities that exist in this case. A jury could find that Railserve was not at-fault and TDSI was at-fault; or that neither Railserve of TDSI were at-fault. Under the latter two scenarios, Railserve would not be contractually obligated to indemnify TDSI.

If this Court grants TDSI's summary judgment as to the Plaintiff's claim, it should in turn grant summary judgment as to TDSI's claims against Railserve. If this Court grants TDSI's motion, there can not and will not be a factual determination that Railserve's sole or partial negligence caused the Plaintiff's injuries.

In the event that this Court does not grant TDSI's Motion for Summary Judgment as to the Plaintiff's claims, in order for it to grant TDSI' Motion for Summary Judgment as to its claims against Railserve it would have to make a factual determination that Railserve's partial or sole negligence caused the Plaintiff's damages. In Railserve's Answer to Third-Party Complaint it has denied that it was negligent, either partially or solely. Whether a party was negligent is generally a question of fact. Moning v. Alfono, 400 Mich 425, 436-437; 254 NW2d 759 (1977); Boumelhem v. Bic Corp., 211 Mich App 175; 535 NW2d 574 (1995). Whether Railserve was partially or solely negligent is a question of fact for the jury to decide. Because it is a question of fact whether Railserve was partially or solely negligent, it is a question of fact whether Railserve owes TDSI indemnity.

TDSI asserts that Railserve agreed to "bear the full costs of any suit against TDSI arising out of Railserve's performance under the Agreement." TDSI's assertion is not supported by the clear and unambiguous language of the Agreement. Subsection 7B of the Agreement clearly states that Railserve will bear the costs of any suit **only** if the suit arises out of any matter specified in paragraph (i), (ii) and (iii) of Subsection A. The only paragraph relevant to the case at hand is paragraph (i) of subsection A (discussed above), which requires Railserve to indemnify TDSI if Railserve is "solely or partially" negligent. As discussed above, whether Railserve is solely negligent, partially negligent, or negligent at all, remains a question of fact. Until the question of fact is resolved by a jury,

4

Railserve is not duty bound to bear any of TDSI's costs of litigation arising out of Railserve's performance under the Agreement.

### C. If the Jury Determines Railserve and TDSI are Both Negligent Costs and Expenses of Defending This Matter Will Be Shared Proportionally.

The Agreement includes the following language:

> that in the event both Railserve and TDSI are found to be jointly negligent, liability and costs and expenses as to Railserve and TDSI shall be shared in proportion to their allocable share of such joint negligence or misconduct.

Indemnity contracts should be construed to effectuate the intent of the parties, which may be determined by considering the language of the contract, the situation of the parties, and the circumstances surrounding the making of the contract. Id.; Calladine v. Hyster Co., 155 Mich App 175, 182; 399 NW2d 404 (1986). However, when ascertaining the intent of the parties to a contract,

> "[i]t must not be supposed ... that an attempt is made to ascertain the actual mental process of the parties to a particular contract. The law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest. It is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties and then carry out that intention regardless of whether the instrument contains language sufficient to express it; but their sole duty is to find out what was meant by the language of the instrument. Michigan Chandelier Co, v. Morse, 297 Mich 41; 297 NW 64 (1941).

Where the terms of a contract are unambiguous, their construction is for the court to determine as a matter of law, and the plain meaning of the terms may not be impeached with extrinsic evidence. Zurich Insurance Co. v. CCR and Company, 226 Mich App 599; 576 NW2d 392 (1997).

> It is beyond doubt that the actual mental processes of the contracting parties are wholly irrelevant to the construction of contractual terms. Rather, the law presumes that the parties understand the import of a written contract and had the intention manifested by its terms. Accordingly, a written contract is construed according to the intentions therein expressed, when those intentions are clear from the face of the instrument. (Citations omitted). Zurich Ins. Co., supra.

As stated above, an indemnity clause should be interpreted to give a reasonable meaning to all its provisions. Pritts v. J.I. Case Co., 108 Mich App 22, 30; 310 NW2d 261 (1981).

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

The Plaintiff has asserted that because the Plaintiff, Keith Pitcher, could not sue his employer, Railserve, under the Michigan Workers Compensation Act, Railserve and TDSI can not be found to be jointly negligent, therefore the proportional allocation of expenses provision is inapplicable to this case. Said assertion clearly fails to give a reasonable meaning to the provisions of the Agreement.

As stated above, because TDSI drafted the Agreement, and because it is the indemnitee, the Agreement is construed strictly against it. Michigan Chandelier Co., supra; Skinner v. D-M-E Corp., 124 Mich App 580; 335 NW2d 90 (1983); Meadows v. Depco Equipment Co., 4 Mich App 370, 375-376; 144 NW2d 844 (1966).

TDSI's assertion assumes that the proportional allocation provision only contemplated a direct action against both TDSI and Railserve by a Plaintiff. Furthermore, the application of the TDSI's interpretation would mean that if an employee of TDSI or an employee of Railserve sued either TDSI or Railserve for negligence the proportional allocation provision would not apply, because the Worker's Compensation Act would preclude a direct action against whichever party was the plaintiff's employer. If this was the intent of the parties such intent would have been clearly stated in the Agreement. It was not.

TDSI interpretation of the contract would also require Railserve to pay all the expenses of TDSI's defense, even if Railserve was determined not to be at-fault. Said interpretation is inconsistent with the other provisions in the contract which require Railserve to indemnify TDSI only if Railserve is determined to be "solely or partially" at-fault.

Furthermore, the Plaintiff has failed to bring forth any evidence to support such an interpretation. Such an interpretation would not give reasonable meaning to the provisions of the Agreement.

Plaintiff sued TDSI claiming that TDSI was negligent and that its negligence caused his injuries. In turn TDSI filed a Third-Party Complaint against Railserve alleging it was negligent and it was its negligence that caused the Plaintiff's injuries. Both TDSI and Railserve have denied the allegation of negligence and asserted that the Plaintiff's injuries were caused by his own negligence.

If and when this matter is tried, the jury will have the duty to determine which parties were negligent and the proportion of negligence. Despite the exclusivity provisions of the Michigan Worker's Compensation Act the jury may decide that Railserve was negligent and the proportion of its negligence as it relates to TDSI. The jury may also determine that Railserve was not negligent, in which case Railserve is not obligated to pay any of TDSI's costs and expenses. It was clearly intended by the parties that if Railserve and TDSI were both made parties to a cause of action, whether directly or otherwise, their costs and expenses for defending the matter would be allocated proportionally based on a determination of liability by the finder of fact. The proportional liability of Railserve, if any, has yet to be determined. Therefore, there remains a question of fact that precludes summary judgment.

### D. Railserve Did Not Breach The Agreement.

TDSI as asserted that Appendix A to the Agreement contained the following language:

2. Maintenance:

Railserve will maintain the condition of the building, fueling facility, switches and support facilities as follows:

\* \* \*

E. Railserve will inspect the tracks and switches daily to insure their operational safety, and submit to TDSI detailed written reports of deficiencies on day of detection

F. Railserve will promptly inform TDSI of any unsafe and unusual conditions encountered while performing the railcar operations

TDSI failed to cite or address subparagraph (I), which states:

I. **TDSI is responsible for overall maintenance of TDSI's facilities keeping them in a state of repairs that allows Railserve to perform its duties.** (Emphasis added).

It is clear from the language that TDSI bore the ultimate responsibility for the maintenance of the TDSI facilities. On this basis alone TDSI's motion for summary judgment should be denied.

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

7

In requesting this Court grant TDSI summary judgment on its claim of breach of contract, TDSI is essentially is attempting to "put the cart before the horse." TDSI asserts that Railserve breached the agreement by not discovering and reporting the hole that allegedly caused the Plaintiff's injuries. Before it can be determined that Railserve breached the contract there must be a factual determination that there was a hole present and that the hole caused the Plaintiff's injuries. If the Court does not grant TDSI's Motion for Summary Judgment as to Plaintiff's claims, there would be a question of fact whether there was any hole present when the Plaintiff suffered his injury. There also would be a question of fact that if there was a hole present, whether the hole caused the Plaintiff's injuries. Therefore, there remains a question of fact whether Railserve breached the Agreement.

Even if there was not a question of fact whether there was a hole present that caused the Plaintiff' injuries, TDSI still would not be entitled to summary judgment.

On May 10, 2000, after TDSI filed its motion for summary judgment, the deposition of Dennis Lybik was taken. Lybik was the Service Manager for Railserve at the New Boston facility. (Exhibit B, p 9 ). Lybik testified at the New Boston facility, TDSI employee Bob Carey and "two or three other" TDSI employees were present. (Id. pp 13-14). TDSI had a third party come out to the New Boston facility to inspect and repair the facility, including the ballast. (Id pp 38-39). In view of the fact that the Agreement indicates that TDSI is ultimately responsible for the maintenance of the TDSI New Boston facility, and there were several TDSI employees at the TDSI facility on a regular basis there is a question of fact whether Railserve breached the Agreement in regard to maintenance.

## RELIEF REQUESTED

Wherefore, Third-Party Defendant Railserve, Inc., respectfully requests this Honorable Court granting the following:

1. TDSI's motion for summary judgment against the Plaintiff; and

8

2. Railserve's summary judgment as to TDSI's claims against Railserve; or in the alternative;

3. Deny TDSI's motion for summary judgment as to Railserve.

Respectfully submitted,

BOWEN, RADABAUGH, MILTON & BROWN, P.C.

By: ______________________

THOMAS R. BOWEN (P27618)
LISA T. MILTON (P38129)
Attorneys for Defendant
4967 Crooks Road, Suite 150
Troy, MI 48098
(248) 641-8000

Dated: May 23, 2000

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH PITCHER,

    Plaintiff,

v.

TOTAL DISTRIBUTION SERVICES,
INC., a Virginia corporation,

    Defendant.
and

TOTAL DISTRIBUTION SERVICES,
INC., a Virginia corporation,

    Third-Party Plaintiff,

v.

RAILSERVE, INC., a Delaware corporation,

    Third-Party Defendant.

Case No. 99-73073
Hon. Avern Cohn
Mag. Judge Virginia Morgan

FILED 2000 MAY 23 P 4: 19
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT

---

| | |
|---|---|
| ARVIN J. PEARLMAN P18743<br>ELAINE L. LIVINGWAY P39307<br>Attorneys for Plaintiff<br>One Towne Square, Ste. 1870<br>Southfield, MI 48076<br>248/356-5000 | THOMAS R. BOWEN P27618<br>Attorney for Third-Party Defendant<br>4967 Crooks Rd., Ste. 150<br>Troy, MI 48098<br>248/641-8000 |
| JACK O. KALMINK P24087<br>Attorney for Defendant/Third-Party Plaintiff<br>400 Renaissance Center, Ste. 1900<br>Detroit, MI 48243<br>313/259-1144 | |

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

## **PROOF OF SERVICE**

The undersigned certifies that on the date written below, a copy of

* Third-Party Defendant Railserve, Inc.'s Response to Motion for Summary Judgment as to the Complaint and Third-Party Complaint and Cross-Motion for Summary Judgment
* and this Proof of Service

was served upon the attorneys of record of all parties to the above cause by mailing the same to them at their respective business addresses as disclosed by the pleadings of record herein, with sufficient first class postage affixed. I certify this is true to the best of my knowledge and belief.

Dated 5-23-00

_Kim Manthy_
Kim Manthy

BOWEN, RADABAUGH, MILTON & BROWN, P.C.
ATTORNEYS AND COUNSELORS
4967 CROOKS ROAD
SUITE 150
TROY, MICHIGAN 48098
248-641-8000

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED